**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff,<br><br>v.<br><br>**JOSE RODOLFO LOPEZ-AMPARO,**<br>    Defendant. | CRIMINAL NO. 17-644 (PG) |

**UNITED STATES' MOTION FOR DE NOVO HEARING AND APPEAL OF MAGISTRATE JUDGE'S ORDER RELEASING DEFENDANT JOSE RODOLFO LOPEZ-AMPARO**

**TO THE HONORABLE COURT:**

COMES NOW, the United States of America through the undersigned attorneys and to this Honorable Court it is respectfully alleged and prayed as follows:

**BACKGROUND**

1. On December 20, 2017, a Federal Grand Jury returned a one-count indictment against defendant, Jose Rodolfo Lopez-Amparo, for violating Title 8, United States Code, Section 1326(a), that is, for attempting to re-enter the United States after previously being removed, without having obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States.

2. A bail hearing for the Defendant was held on December 22, 2017 before the Honorable Magistrate Judge Marcos E. Lopez.

3. Notwithstanding the evidence proffered by the United States and the recommendation of Pre-Trial Services at the detention hearing, the Court awarded bail to the above-captioned

Defendant.

4. The Government, under the provisions of Title 18, United States Code, Section 3145, hereby appeals from the Order setting conditions of release of the above-named Defendant, and requests from this Honorable Court that Defendant is detained without bail pending trial because he poses a risk of flight pursuant to Title 18, United States Code, Section 3142.

## LAW

Under the dictates of Title 18, United States Code, Section 3142(a), either party may file a motion for review of the conditions of release[1] and the Government may also file a motion for revocation. A district court reviews the magistrate's findings in respect to pretrial detention or release orders. The appropriate standard of review for the district court is *de novo* review of the contested order. United States v. Tortora, 922 F.2d 880, 884 (1st Cir. 1990).

It has long been held in the District of Puerto Rico that "the risk of flight for an illegal alien charged with reentry is enormous." United States v. Melendez, 55 F. Supp. 2d 104, 109 (D.P.R. 1999), citing United States v. Warwar, 57 F.R.D. 645, 648 (D.P.R. 1972) (denying bail pending appeal because, inter alia, possibility of flight was real and apparent since defendant was an alien without any ties to the community), aff'd, 478 F.2d 1183 (1st Cir. 1973). In fact, this Court has held that illegal aliens, particularly one charged with reentry, are "inherent flight risk[s]." Id. at 109, fn. 6.

---

1 A defendant's right to bail is not absolute. Stack v. Boyle, 342 U.S. 1, 4, 72 S.Ct. 1 (1951). A defendant's right to be released before trial is contingent upon defendant's adequate assurance that he will stand trial and submit to sentence if found guilty. Id. citing Stack v. Boyle, 342 U.S. 1, 4 (1951). The Bail Reform Act, Title 18, United States Code, Section 3141 et seq., governs the release and detention of a defendant prior to trial. "[B]ail hearings are typically informal affairs, not substitutes for trial or even for discovery. Often the opposing parties simply describe to the judicial officer the nature of their evidence; they do not actually produce it." United States v. LaFontaine, 210 F.3d 125, 131 (2nd Cir. 2000) *citing* United States v. Acevedo-Ramos, 755 F.2d 203, 206 (1st Cir. 1985). "Bail hearings cannot become a mini-trial or a discovery tool for the defendant." La Fontaine, at 131 *citing* United States v. Martir, 782 F.2d 1141, 1145 (2nd Cir. 1986).

In order to secure the pretrial detention of a defendant pending trial, the Government must show by a preponderance of the evidence that the defendant is a risk of flight or poses a danger to persons in the community. See 18 U.S.C. § 3142(f). In examining the 18 U.S.C. § 3142(g) factors discussed *infra*, the Government agrees with Pre-Trial Services and submits that the factors weigh heavily in favor of the Defendant's detention based on flight risk. More specifically, the factors to be considered by the trial court in making detention decisions are set forth by statute:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including-

(A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

See Title 18, United States Code, Section 3142(g).

Additionally, "[m]ost courts considering the question have determined that the defendant's immigration status may be considered in the court's detention analysis." United States v. Neves,

In order to secure the pretrial detention of a defendant pending trial, the Government must show by a preponderance of the evidence that the defendant is a risk of flight or poses a danger to persons in the community. See 18 U.S.C. § 3142(f). In examining the 18 U.S.C. § 3142(g) factors discussed *infra*, the Government agrees with Pre-Trial Services and submits that the factors weigh heavily in favor of the Defendant's detention based on flight risk. More specifically, the factors to be considered by the trial court in making detention decisions are set forth by statute:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including-

(A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

See Title 18, United States Code, Section 3142(g).

Additionally, "[m]ost courts considering the question have determined that the defendant's immigration status may be considered in the court's detention analysis." United States v. Neves,

11 Fed. Appx. 6, 8 (1st Cir. 2001) (noting that the existence of a deportation order is relevant to the issue of flight); United States v. Lozano, 1:09-CR-158-WKW, 2009 WL 3052279*2 (M.D. Ala. Sept. 21, 2009).[2] This approach is consistent with the legislative history of the Bail Reform Act, which indicates that "[t]he offense and offender characteristics that will support the required finding for pretrial detention under subsection (e) will vary considerably in each case. Thus, the committee has, for the most part, refrained from specifying what kinds of information are a sufficient basis for the denial of release, and has chosen to leave the resolution of this question to the sound judgement of the courts acting on a case-by-case basis." S. REP. 98–225, 18–19, 1984 U.S.C.C.A.N. 3182, 3201–3202 (1984). Accordingly, this Court should also consider Defendant's immigration status along with all other available information in applying the 18 U.S.C. § 3142 factors.

## DISCUSSION

I. <u>Application of Title 18, United States Code, Section 3142(g):</u>

(a) *The nature and circumstances of the offense charged against defendant:*

As stated above, the District of Puerto Rico has held that illegal aliens charged with a reentry offense in violation of Title 8, United States Code, Section 1326 are "inherent flight

---

[2] See, e.g., United States v. Dozal, 2009 WL 873011, 3 (D.Kan. 2009) ("Defendant is a deportable alien. This factor alone does not mandate detention, but it weighs heavily in the risk of flight analysis."); United States v. Lozano–Miranda, 2009 WL 113407, 3 (D.Kan. 2009) (same); United States v. Garcia– Gallardo, 2009 WL 426040, 4 (D.Kan.2009) (same); United States v. Sanchez– Valdivia, 2008 WL 5104688, 2 (D.Minn. 2008) (considering the fact that "in the event the defendant remains on release, he will be arrested by ICE and there is a substantial likelihood that he will immediately be removed to Mexico, pursuant to the warrant of deportation, with no ability by the United States to require him to stand trial and face the federal charges pending against him" among the § 3142 factors); United States v. Chavez–Rivas, 536 F.Supp.2d 962, 964 n. 3 (E.D.Wis. 2008) ("I do not suggest that courts should not consider a defendant's immigration status in evaluating whether he is a flight risk.") (citing United States v. Adomako, 150 F.Supp.2d 1302, 1307 (M.D.Fla. 2001) ("An alien's INS history (to the extent that the government chooses to present it in support of its motion for detention) is, however, a factor that this Court weighs heavily in the risk of flight analysis under 18 U.S.C. § 3142(g)(3)."); and United States v. Neves, 11 Fed.Appx. 6, 8 (1st Cir.2001)); United States v. Rembao–Renteria, 2007 WL 2908137, 2 (D.Minn. 2007) ("In the Court's view, immigration status is not excluded as one of the factors that may be appropriately taken into account in deciding whether a defendant is likely to flee. The determination is an individual one as to each defendant.").

risk[s]." Melendez, 55 F. Supp. 2d at 109, fn. 6. As proffered by the Government at the detention hearing, the Defendant is a citizen and national of Dominican Republic who was apprehended approximately fourteen (14) nautical miles from Puerto Rico while attempting to reenter the United States after he had been previously removed. The Defendant knowingly and intentionally did so illegally and without any legal immigration status in an attempt to evade detection and prior to receiving permission to reenter the United States. In light of this, it is evident that Defendant portrays a willingness to disobey United States' immigration laws and procedures, and thus, his risk of flight is substantial.

(2) *The weight of the evidence against defendant:*

As per statute, the Court must look at the weight of the evidence against the Defendant when determining a defendant's flight risk. As an initial matter, the United States submits that a Federal Grand Jury found probable cause that Defendant attempted to re-enter the United States after previously being removed, without having obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States. Specifically, this Defendant was charged in Count One for violating Title 8, United States Code, Section 1326(a).

The evidence to be presented by the United States at trial includes, but is not limited to, physical, documentary, and testimonial evidence. More specifically, the evidence in the case against this Defendant will demonstrate that Immigration Officers deported Defendant in June 2010, and he did not seek permission to return to the United States from either the Attorney General of the United States or the Secretary of Homeland Security when he attempted to reenter on December 14, 2017. Consequently, the evidence against the Defendant is strong.

(3) *The history and characteristics of defendants*

In determining a Defendant's flight risk, the Court shall look at the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. See 18 U.S.C. § 3142(g)(3)(A). When considering ties to the community, the relevant community is the charging district. United States v. Quesada Mercedes, 154 F. Supp. 2d 234, 235 (D.P.R. 2001) (defendant without "strong family ties in this jurisdiction" poses a flight risk). "Ties to the community is one of the indicia that courts look to in evaluating the flight risk of a defendant." United States v. Rivera, 90 F.Supp.2d 1338, 1342-1343 (S.D.Fla. 2000), aff'd, 273 F.3d 397 (11th Cir. 2001).

Concerning Defendant's family ties to Dominican Republic, according to the Pre-Trial Services Report ("PSR"), his physical address is located in the Dominican Republic at Los Limones Calle Principal, Cahuete Dimentec #75, San Francisco De Macoris, Dominican Republic. He is a lifelong resident of that address except for a brief period in 2010 where he came to Puerto Rico and was administratively deported by Immigration Officers. The PSR states that Defendant has two (02) sisters who both reside at the Dominican Republic address with him. Likewise, Defendant is in a six-year consensual relationship with Ms. C. De La Cruz-Diaz and the couple have one young child together. Both Ms. De la Cruz-Diaz and Defendant's child live in the Dominican Republic. The PSR provides that Defendant has a very close relationship with his family in the Dominican Republic.

Conversely, the only family contact—and thus tie to the community where he is being

prosecuted—provided in the PSR currently living in Puerto Rico is his cousin Juan Lopez, who lives with his wife, Mrs. Garcia-Marte, and her mother in a three-bedroom rented apartment, which is located in San Juan, Puerto Rico. Mrs. Garcia is a permanent resident and her mom is a naturalized citizen, but Defendant's cousin, Mr. Lopez, only has a pending citizenship request through Mrs. Garcia in light of their 2005 marriage. It should be noted, however, the PSR specifically provides that Mrs. Garcia was unable to verify much of the familial information in the PSR because she has only been a member of the family for the past ten (10) years and only visited Defendant's family three-to-four times years ago.

With regard to Defendant's employment status, it also weighs in favor of the Government's position that he is a risk of flight. More specifically, the PSR states that he has worked for a family-owned business in Dominican Republic since December 19, 2015 called Emperes Lopez Cateras. The company is located in San Francisco de Macoris, Dominican Republic, and the Defendant earns approximately $533.50 per month. No local employment ties or verifiable opportunities were present in the PSR.

It is clear from the history and characteristics of the Defendant that he is not an appropriate candidate for conditions of release because he has substantial ties to the Dominican Republic, including maintaining a family and residence there, no ties to the relevant community, employment in Dominican Republic, no ability to gain lawful employment here in Puerto Rico, and the only family he has located in this jurisdiction is a cousin.

(4)     *The nature and seriousness of the danger to any person or the community that would be posed by defendants.*

The Defendant does not have a criminal history in the United States. As such, the

Government submits that his risk of flight due to the nature of the offense charged, a lack of verifiable and legitimate employment, and ties to foreign country are inadequate to reasonably assure the appearance of the Defendant at future proceedings.

## CONCLUSION

For these reasons, the United States believes the Defendant is a risk of flight, there are no conditions that will reasonably assure his appearance at trial, as required by 18 U.S.C. ' 3142, and the Defendant should be detained. The United States requests this Court to stay the Magistrate Judge's release Order until a review by the Court can be completed.

**WHEREFORE**, and in view of the foregoing, the United States of America respectfully prays that the District Court VACATE the Magistrate Court's Bail Order and DETAIN defendant JOSE RODOLFO LOPEZ-AMPARO without bail.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 22nd day of December 2017.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

s/ *Sean R. Gajewski*
Special Assistant United States Attorney
USDC No. G02713
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
Tel: (787) 282-1932

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of December 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in this case.

s/ *Sean R. Gajewski*
Sean R. Gajewski
Special Assistant United States Attorney
